IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| MICHAEL J. FERRIO, | ) | CASE NO.1:20-CV-00047 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| COMMISSIONER OF SOCIAL SECURITY, | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | | |

**Introduction**

Before me[1] is an action under 42 U.S.C. §405(g) by Michael J. Ferrio seeking judicial review of the 2019 decision of the Commissioner of Social Security that denied Ferrio's 2014 applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Pursuant to my initial[5] and procedural[6] orders, the parties have filed briefs,[7]

---

[1] The parties have consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Patricia A. Gaughan. ECF No. 20.
[2] ECF No. 1.
[3] ECF No. 9.
[4] ECF No. 10.
[5] ECF No. 5.
[6] ECF No. 11.
[7] ECF Nos. 12 (Ferrio), 15 (Commissioner), 17 (Ferrio reply).

1

as well as supporting charts[8] and fact sheets.[9] The parties have met and conferred with the goal of reducing or clarifying the issues.[10]

For the following reasons, the decision of the Commissioner will be reversed and the matter remanded.

**Facts**

The ALJ's Decision

The ALJ, who heard this matter in 2018 after remand from the Appeals Council,[11] found that Ferrio was 38 years old at the time of the hearing, has at least a high school education, and "had a consistent work history through 2013."[12] He apparently is able to take care of his disabled mother, perform household chores, and perform personal care tasks.[13] He was diagnosed at age three with myotonic dystrophy, which is progressive and not curable.[14]

The ALJ determined that Ferrio has the following severe impairments:

Disorder of the nervous system, specifically myotonic dystrophy; dysphagia; and borderline intellectual functioning.[15]

---

[8] ECF No. 15, Attachment (Commissioner).
[9] ECF No. 12, Attachment (Ferrio).
[10] ECF No. 18.
[11] Tr. at 10.
[12] Tr. at 15.
[13] *Id*.
[14] *Id*. at 16.
[15] *Id*. at 12.

2

After noting that Ferrio has non-severe impairments of right bundle branch block, sleep apnea, and adjustment disorder, the ALJ found that he did not have an impairment or combination of impairments that met or medically equaled a listing.[16] In reaching that conclusion the ALJ found that the myotonic dystrophy did not meet Listing 11.13 and that Ferrio's mental impairments did not meet or equal Listing 12.11.[17]

Then, after reviewing the record and giving great weight to opinions of three consulting sources and no weight to the opinion of Ferrio's treating physician,[18] the ALJ found that Ferrio has the residual functional capacity (RFC) for light work, with the following limitations:

> He is limited to standing for 4 hours in a [sic] 8 hour workday, 2 hours at a time; walking for 2 hours in a [sic] 8 hour workday, 1 hour at a time; sit 8 hours; push and pull constantly; never use foot pedals on the right side; occasional climbing ramps and stairs; never climbing ladders, ropes, or scaffolds; constantly balance; occasional stooping, kneeling, crouching, and crawling; constant reaching in all planes, including overhead; frequent handling and fingering bilaterally; constant feeling bilaterally; occasional speaking; and no exposure to unprotected heights or dangerous machinery. The claimant is further limited to performing simple, routine tasks with no high production quotas or piece rate work and only occasional and superficial interaction with the public.[19]

After determining that Ferrio's past relevant work was unskilled, and with the assistance of testimony from a vocational expert (VE), the ALJ found that a person with Ferrio's age, education, work experience, and RFC could perform the duties of three

---

[16] *Id*. at 13.
[17] *Id*.
[18] *Id*. at 19-20.
[19] *Id*. at 14-15.

3

positions – lens inserter, document preparer, and addresser - all of which had jobs in significant numbers in the national economy.[20] Ferrio was then found not disabled.[21]

Ferrio's position

Ferrio raises four issues for judicial review:

      1.    The ALJ failed to properly credit the medical evidence of limitations on the use of Ferrrio's hands, which if recognized, would preclude engaging in work.

      2.    The ALJ failed to consider all medical conditions, including non-severe ones, when fashioning the RFC.

      3.    No evidence exists to support the finding that Ferrio's statements are not fully credible.

      4.    The ALJ failed to comply with the remand order directing the ALJ to consider Ferrios's impairments "during the entire period at issue."[22]

As to the first issue, Ferrio notes that significant evidence exists that he has difficulty with his hands, yet the ALJ here gave little or no weight to that evidence – *i.e.*, the opinion of his neurologist, who opined that Ferrio could never perform grasping and fine manipulation,[23] and only partial weight to the opinion of a state agency consultant who stated that Ferrio would require frequent limits on his ability to finger and handle[24]- while giving great weight[25] to the testimony of the medical expert who testified that she "never

---

[20] *Id*. at 21-22.
[21] *Id*. at 22.
[22] ECF No. 12 at 1.
[23] Tr. at 20.
[24] *Id*. at 19.
[25] *Id*. at 18.

4

saw an exam where [Ferrio] had difficulty with his hands"[26] or "any documentation of impaired use of hands."[27]

As to the second issue – failure to consider all conditions – Ferrio points out that the remand order from the Appeals Council mentioned that the ALJ was to consider Ferrio's difficulties with his hands, fatigue and speech issues.[28] Here. Ferrio contends, although the ALJ "recited the boilerplate" that he considered all Ferrio's conditions, the opinion does not show that the ALJ addressed fatigue and speech issues.[29]

In the third issue, Ferrio essentially contends that the ALJ erred in finding that Ferrio's ability to engage in certain activities, such as performing chores, amounted to an ability to work full time.[30]

Finally, Ferrio asserts that, "other than lip service," the current ALJ opinion does not discuss Ferrio's medical history from the date of alleged onset to the date of decision.[31]

The Commissioner's Position

The Commissioner argues that the ALJ properly found that the evidence does not support greater restriction as to Ferrio's use of his hands, speech or fatigue.[32] He further

---

[26] *Id*. at 47.
[27] *Id*. at 48.
[28] ECF No. 12 at 20.
[29] *Id*. at 21-22,
[30] *Id*. at 22-23.
[31] *Id*. at 23-25.
[32] ECF No. 15 at 6-9.

5

notes that the RFC findings are "rooted" in the testimony of Dr. Pollack, the medical expert, and the opinions of the state agency reviewing physicians.[33]

Finally, the Commissioner maintains that the ALJ appropriately addressed all of Ferrio's severe and non-severe impairments, plus claims about difficulties with his hands, speech, and fatigue.[34] He also contends that in crediting the testimony of the medical expert, the ALJ was considering Ferrio's limitations throughout the relevant period.[35]

## Analysis

The claims here are reviewed under the well-established substantial evidence standard, which need not be restated here.

As to the first issue concerning whether of not greater restrictions should have been included in the RFC addressing claimed limitations on the use of Ferrio's hands, Dr. Pollack did testify that she did not see any documentation in the record of impaired use of the hands or feet or any muscle weakness.[36] At the very least, this appears to directly conflict with treatment notes describing Ferrio as having difficulties opening his hands[37] and with spasms in the hands,[38] as well as with the opinion of Dr. Winkelman, Ferrio's treating neurologist, who stated that Ferrio had significant limitations on the use of his

---

[33] *Id*. at 9.
[34] *Id*. at 11-12.
[35] *Id.* at 12-13.
[36] Tr. at 47-48.
[37] *Id*. at 496.
[38] *Id*. at 542, 606.

6

hands and so could only occasionally use them for simple grasping,[39] and somewhat with the opinion of Dr. Perencevich, a state agency reviewer, who noted the reported problems with opening his hands after gripping, yet found Ferrio capable of "frequently" using his hands for gross and fine manipulation.[40]

While it is true that Ferrio himself testified that he could use his hands and didn't drop things,[41] and true that the testimony of a medical expert can be substantial evidence for a finding by the ALJ,[42] it is also true in this case that significant apparently contradictory testimony exists between the medical expert's testimony and other sources, including a treating source, which evidence the medical expert may not have seen or it was discounted by the ALJ in assigning weight. There is no doubt that it is the Commissioner's function "to evaluate and resolve conflicting medical testimony."[43] But in doing so, the ALJ must give good reasons for that resolution, particularly if the resolution hinges on giving lesser weight to the opinion of a treating source.[44]

Because I am not clear that the ALJ was even aware of this apparent contradiction between Dr. Pollak's testimony that she saw no evidence in the record of limitations concerning Ferrio's use of his hands and the other evidence cited above, I cannot be sure

---

[39] *Id*. at 661.
[40] *Id*. at 106, 109.
[41] *Id*. at 37, 85.
[42] *Swett v. Comm'r*, 886 F.Supp. 2d 656, 661 (S.D. Ohio 2012) (citation omitted).
[43] *Id*. (citation omitted).
[44] See, *id*. at 670.

7

the ALJ evaluated and properly resolved the unperceived conflict. A remand to do so is required.

That said, I do not see that the ALJ erred in analyzing Ferrio's fatigue and speech. As to speech, the RFC limits Ferrio to only "occasional" speaking,[45] which is consistent with the opinions of Dr. Ong,[46] Dr. Lewis,[47] and the 2018 speech therapy discharge note stating that Ferrio has met or nearly met all of the goals of the therapy.[48]

Similarly, as to fatigue, while Ferrio's condition is progressive, the ALJ found that the evidence over the relevant period shows that Ferrio's symptoms were stable.[49] As such, the state agency reviewing opinions from 2014 and 2015 are substantial evidence that Ferrio can work at a light exertional level, as modified by the RFC which limits the time spent standing, walking and sitting. Those limitations, in turn, are based on the testimony of Dr. Pollack, which is current. I find no grounds for assigning error to the ALJ for further restrictions based on fatigue.

Finally, I also do not find any error with the ALJ's consideration of the entire relevant period. As noted, the two state agency reviewers gave reports in 2014 and 2015, while Dr. Pollack testified at the 2018 hearing.

---

[45] Tr. at 20.
[46] *Id.* at 569.
[47] *Id.* at 132.
[48] *Id.* at 1258-59.
[49] *Id.* at 20.

8

## Conclusion

For the reasons stated, the decision of the Commissioner is reversed and the matter remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: March 31, 2021 | s/William H. Baughman Jr.<br>United States Magistrate Judge |